**Thaddeus B. BOWMAN by Ann BOWMAN, Executrix for the Estate of Thaddeus B. Bowman, deceased, Appellant,**

v.

**SCHOOL DISTRICT OF PHILADELPHIA and School Board of Philadelphia.**

Commonwealth Court of Pennsylvania.

Argued May 11, 1995.

Decided July 11, 1995.

Reargument Denied Aug. 21, 1995.

Allen Lynn Cohen, for appellant.

Andrew M. Rosen, for appellees.

---

Before COLINS, President Judge, and SMITH, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

This is an appeal by Ann Bowman, Executrix of the Estate of Thaddeus B. Bowman, deceased,[1] (Bowman) from the Court of Common Pleas of Philadelphia County's (trial court) order of October 14, 1994 denying Bowman's motion for post-trial relief. We affirm.

Bowman, during his lifetime, on August 22, 1991, filed an action in mandamus[2] against the School District of Philadelphia and the School Board of Philadelphia (District). In his mandamus action, Bowman alleged that he was employed by District since January 10, 1972; that on September 24, 1990 he submitted a letter to District stating his "wish to retire effective Sept. 26, 1990 from his employment", Exhibit B to complaint; that on October 20, 1990 he wrote to District that "I would like to rescind my letter of retirement which I delivered on Sept. 26, 1990," Exhibit C to complaint. Bowman sought by his mandamus complaint to be restored to his former teaching position, and be paid his salary, benefits, and all other entitlements, together with interest, from October 20, 1990, the date of his letter rescinding his letter expressing his "wish to retire."

The trial court noted, in its findings of fact and conclusions of law of July 26, 1990, that since the death of Bowman "[t]his claim is based both on the statutory and common law." Following the entry of a verdict in favor of District, Bowman filed a motion for post-trial relief seeking a new trial, entry of judgment in his favor, and any other appropriate order.[3] The trial court, by order of October 14, 1994 denied Bowman's motion for post-trial relief. In Bowman's appeal to this court, the sole issue presented for our

consideration is "whether a notice of intent to *resign* made by a teacher who is employed by a school board pursuant to a professional employee's contract is effective to terminate the teacher's employment if notice is withdrawn before it has been accepted by the school board." (Emphasis added.)

Bowman claims that the following emphasized language of his contract[4] with District mandates rescission of his "wish to retire."

*"AND IT IS FURTHER AGREED by the parties hereto that none of the provisions of this act may be waived either orally or in writing,* and that this contract shall continue in force year after year, with the right of the board of the school directors (or board of public education) to increase the compensation over the compensation herein stated, from time to time, as may be provided under the provisions and proper operation of the established salary schedule, if any, for the school district, subject to the provisions of law, without invalidating any other provisions of this contract, *unless terminated by the professional employe by written resignation presented sixty (60) days before resignation becomes effective,* or by the board of school directors (or board of public education) by official written notice presented to the professional employe: Provided, That the said notice shall designate the cause for the termination and shall state that an opportunity to be heard shall be granted if the said professional employe, within ten (10) days after receipt of the termination notice, presents a written request for such hearing."

Emphasis added.

The record herein clearly demonstrates that in Bowman's letter of September 24, 1990, Exhibit 2, and his letter of October 20,

---

1. Bowman died on January 18, 1994 prior to trial; this action was continued by his Estate by his Executrix and widow, Ann Bowman. The docket entries reveal that on April 19, 1994 a suggestion of death of Thaddeus B. Bowman on February 10, 1994 was filed. See Pa.R.C.P. No. 2351 *et seq.* for substitution of one who has succeeded to the interest of a party to an action.

2. Bowman also filed a separate action in equity against the same parties at No. 780 June Term

1992. The equity action was consolidated and tried with the mandamus action. Bowman did not appeal the adverse determination of the trial court in the equity action.

3. Pa.R.C.P. No. 227.1(a)(1), (2), (5).

4. See 24 P.S. § 11–1121 for required language to be contained in all contracts with professional employees.

1990, he used the words "retire" and "retirement" several times. Furthermore, in his deposition,[5] Bowman continually used the words "retire" and "retirement" (pp. 154–206). The record also specifically establishes that Bowman contacted the Union Retirement Office relative to retirement one week prior to submitting his retirement letter and application, R.R. 18a; he submitted his application for retirement to the Pennsylvania State Employees Retirement Service (PSERS) on September 26, 1990, Exhibit 3, R.R. 25a–30a. Simultaneously, by letter dated September 26, 1990, he notified the District's Executive Director of Human Resources of his intention to retire and authorized her to "file the necessary documents for my termination pay and for any other need." Exhibit 4, R.R. 31a. On September 26, 1990, Bowman did not report to work and he was replaced by a substitute teacher; he was removed from the District's payroll. R.R. 19a. On October 4, 1990, Bowman signed and filed with the District's Office of Human Resources a verification of his separation. Exhibit 5, R.R. 19a, 32a. Following the processing of his separation verification and action on his application for retirement by PSERS, Bowman began receiving retirement benefits on or about October 12, 1990. Exhibit 6(a)–(c), R.R. 19a, 33a–35a.

Bowman argues that, since District did not approve his resignation by resolution prior to his letter of October 20, 1990 rescinding his retirement, the District is required to restore him to service with all attendant benefits. In support of his argument, Bowman cites several cases,[6] none of which deal with retirement. Bowman also argues that his September 24, 1990 letter indicating his wish to resign did not become effective because he rescinded his "offer" to retire before the Board "accepted" the offer. Section 508, 24 P.S. § 5–508 is cited by Bowman in support of this argument. Section 508, as herein relevant, mandates:

> The affirmative vote of a majority of all the members of the board of school directors in every school district, duly recorded, showing how each member voted, shall be required in order to take action on the following subjects:—
>
> . . . .
>
> Appointing or dismissing . . . teachers.
>
> . . . .
>
> Dismissing a teacher after a hearing.
>
> . . . .
>
> Failure to comply with the provisions of this section shall render such acts of the board of school directors void and unenforceable.

Bowman does not contend that he was dismissed arbitrarily or following a hearing. Bowman unequivocally retired; nowhere in section 508 is it listed that an affirmative vote of the "board of school directors" is required to take action on acceptance or rejection of a voluntary retirement.

A necessary and compelling distinction exists between resignation and retirement. "Retirement" is defined as "withdrawal from one's position or occupation or from active working life". Webster's Ninth New Collegiate Dictionary 1007 (1989). Black's Law Dictionary, Sixth Edition, 1316–1317 (1990) defines "retirement" as "[t]ermination of employment service, trade or occupation upon reaching retirement age, or earlier at election of employee, self-employed, or professional." "Resignation" is defined as "a formal notification of resigning," Webster's Ninth New Collegiate Dictionary 1003 (1989) and "resign" is defined therein at page 1007 as meaning "to give up one's office or posi-

5. Bowman's oral deposition was taken on June 19, 1993. At the trial excerpts from Bowman's deposition were placed in evidence. (Court Exhibit 1.)

6. Bowman cites five common pleas court cases in support of his argument. These cases are *Rice v. Ford,* 2 Pa.D. & C.2d 543 (1954); *Furey v. Cheltenham Twp. School District,* 29 Pa.D. & C.2d 509 (1962); *Molino v. Portage Area School District,* 67 Pa.D. & C.2d 647 (1974); *Kelly v. Drab,* 13 Pa.D. & C.3d 652 (1980); and *Kupets v. Brownsville School District,* 14 Pa.D. & C.4th 565 (1992). However, of these cases *Rice* involves a suspended employee, *Molino* involves a dismissed instructor, *Furey* involves a school teacher's resignation, *Kelly* involves a resignation from an elected municipal position, and *Kupets* involves a basketball coach's resignation. None of the referenced cases involve "retirement" situations, and thus, do not apply to the instant matter.

tion." "Resignation" is defined by Black's Law Dictionary, Sixth Edition, 1310 (1990) as "[f]ormal renouncement or relinquishment of an office. It must be made with intention of relinquishing the office accompanied by action of relinquishment." The language in Bowman's contract which reflects the required statutory language in Section 11–1121 refers only to "written resignation;" section 11–1121 is devoid of the word "retirement." Since the Legislature chose not to include the word "retirement" in Section 11–1121, we are powerless to add it thereto. The relevant facts in the record reveal Bowman "retired" from his position. No resignation is involved; thus, Bowman's statutory and case law references to "resignation" are clearly inapplicable to the matter *sub judice.*

Accordingly, we affirm the order of the trial court.

### *ORDER*

AND NOW, this 11th day of July, 1995, the order of the Court of Common Pleas of Philadelphia County dated October 14, 1994 denying the Plaintiff's motion for post-trial relief is affirmed.