**FRANKLIN COUNTY CAREER AND TECHNOLOGY CENTER,**
Appellant

v.

**FRANKLIN COUNTY CAREER AND TECHNOLOGY CENTER EDUCATION ASSOCIATION, PSEA/NEA.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2011.

Decided Jan. 11, 2012.

Elliott B. Sulcove, Chambersburg, for appellant.

Michael J. O'Connor, Harrisburg, for appellees.

BEFORE: LEADBETTER, President Judge,[1] and McGINLEY, Judge, and FRIEDMAN, Senior Judge.

---

1. This case was assigned to the opinion writer on or before January 6, 2012, when President Judge Leadbetter completed her term as President Judge.

OPINION BY Senior Judge FRIEDMAN.

Franklin County Career and Technology Center (Employer) appeals from the June 6, 2011, order of the Court of Common Pleas of the 39th Judicial District of Pennsylvania—Franklin County Branch (trial court), which denied Employer's petition to vacate an arbitrator's award requiring Employer to pay a retiree for accumulated sick leave. We affirm.

Employer, a joint school providing vocational education to students from various school districts, has entered into a collective bargaining agreement (CBA) with the Franklin County Career and Technology Center Education Association, PSEA/NEA (Association). The CBA provides as follows:

> Upon retirement from employment ... the employee or the beneficiary of his/her retirement benefits shall be paid a lump sum payment for accumulated sick leave at a rate of one-half the employees current daily rate of pay. However, such payments shall not be in excess of $4000.00 for the 2008–09, 2009–10, 2010–11 contract years; and further provided that such payment shall not exceed the amount provided by law.

(Trial Ct. Op. at 3.)

Joyce Cook taught business education for Employer for twenty-nine years. In 2006, Employer placed Cook on furlough. Cook applied for and received unemployment compensation. The Association filed a grievance with respect to the furlough, and an arbitrator determined that Employer did not violate the CBA by furloughing Cook. Cook also filed a declaratory judgment action against two school districts, alleging a right to re-employment, and sent letters to Employer to remind Employer of her furlough recall rights.

Three years after being furloughed, Cook sent a letter to Employer, announcing her retirement "for financial reasons" and stating, "I am retiring only because I have been furloughed.... I wish to remain on the recall list in case a position for which I am qualified becomes available." (Trial Ct. Op. at 2.) Cook began to receive retirement benefits from the Public School Employees' Retirement System (PSERS) on May 29, 2009.

Cook believed that, as a retiree, she was entitled to $4,000.00 for accumulated sick leave under the CBA. However, Employer refused to pay any amount to Cook. The Association filed a grievance on behalf of Cook, and the matter was heard by an arbitrator. The issue was whether Cook had retired. The arbitrator defined the term "retirement" as this court did in *Bowman v. School District of Philadelphia*, 661 A.2d 913 (Pa.Cmwlth.1995). (Arbitrator's Dec. at 6.) In that case, we stated:

> "Retirement" is defined as "withdrawal from one's position or occupation or from active working life". Webster's Ninth New Collegiate Dictionary 1007 (1989). Black's Law Dictionary, Sixth Edition, 1316–1317 (1990) defines "retirement" as "termination of employment service, trade or occupation upon reaching retirement age, or earlier at election of employee, self-employed, or professional."

661 A.2d at 915. Because Cook had advised Employer and PSERS of her retirement, withdrawing from her position as a teacher, albeit with the hope of returning via recall, the arbitrator concluded that Cook had retired. Thus, the arbitrator awarded Cook payment for accumulated sick leave. The arbitrator rejected Employer's argument that Cook could not be retired because she had attempted to reserve her furlough recall right. The arbi-

trator pointed out that the law permits a retired teacher to return to teaching and that the issue of whether Cook was entitled to the rights of a furloughed teacher was not before the arbitrator.

Employer filed a petition to vacate the arbitrator's award with the trial court, which denied the petition. In doing so, the trial court applied the essence test and concluded that the arbitrator's award was reasonably derived from the CBA. *See State System of Higher Education (Cheyney University) v. State College and University Professional Association (PSEA–NEA)*, 560 Pa. 135, 743 A.2d 405 (1999) (setting forth the essence test). Employer now appeals to this court.

Employer argues that the trial court erred in concluding that the arbitrator's award was rationally derived from the CBA, asserting that the evidence does not support a finding that Cook "retired" as that term was defined by the arbitrator. We disagree.

■■■ The role of a court reviewing a challenge to a labor arbitration award is one of deference. *Cheyney University*, 560 Pa. at 149, 743 A.2d at 413. Thus, in the vast majority of cases, the decision of an arbitrator shall be final and binding. *Id.* at 149–50, 743 A.2d at 413. However, an arbitrator's award must draw its essence from the CBA; thus, a court conducts a two-prong analysis. *Id.* at 150, 743 A.2d at 413.

> First, the court shall determine if the issue as properly defined is within the terms of the [CBA]. Second, if the issue is embraced by the agreement, and thus, appropriately before the arbitrator, the arbitrator's award will be upheld if the arbitrator's interpretation can rationally be derived from the [CBA]. That is to say, a court will only vacate an arbitrator's award where the award indisputably and genuinely is without foundation

in, or fails to logically flow from, the [CBA].

*Id.* Here, there is no question that the issue of whether Cook retired was properly before the arbitrator. The only question for review is whether the arbitrator's award can be rationally derived from the CBA.

■■■ In its brief, Employer states that it "does not challenge [the] definition [of "retirement" used by the arbitrator] or its application to the facts of this matter." (Employer's Brief at 10.) Employer argues that, based on the definition, Cook "cannot in any way be said to have 'retired.'" (*Id.*) Employer contends that, under the definition, "retirement" means "*complete* cessation of employment or the withdrawal from the labor force," (*id.*), and Cook's request to retain her furlough rights shows that she has not completely ceased her employment as a teacher. (*Id.* at 11.)

However, a rational person could conclude logically from the definition accepted by Employer that Cook had retired. The definition of "retirement" includes "withdrawal from one's position." *Bowman*, 661 A.2d at 915. The definition does **not** require complete cessation of employment or withdrawal from the labor force, as Employer maintains. Cook withdrew from her position as a teacher by notifying Employer of her retirement and by applying for, and taking, a retirement pension. The fact that Cook retired for financial reasons and hoped to return to teaching via recall did not negate her retirement status at this time.

Accordingly, we affirm.

### ORDER

AND NOW, this 11th day of January, 2012, the order of the Court of Common Pleas of the 39th Judicial District of Penn-

sylvania—Franklin County Branch, dated June 6, 2011, is hereby affirmed.